**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ADELPHIA GATEWAY, LLC,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CERTAIN EASEMENTS AND RIGHTS** | : | |
| **OF WAY NECESSARY TO OPERATE** | : | |
| **AND MAINTAIN AN 18" NATURAL GAS** | : | |
| **TRANSMISSION PIPELINE IN EAST** | : | |
| **PIKELAND TOWNSHIP, CHESTER** | : | |
| **COUNTY, PENNSYLVANIA, TAX** | : | |
| **PARCEL NUMBER 26-3-101.2A** *et al.*, | : | **No. 20-987** |
| *Defendants* | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                     APRIL 27, 2020

The Federal Energy Regulatory Commission ("FERC") issued an order granting Adelphia Gateway, LLC ("Adelphia") a certificate of public convenience and necessity for a project to purchase, construct, and operate proposed pipeline facilities to provide natural gas. To complete the project, Adelphia must possess certain rights-of-way owned by the defendants. The defendants have not accepted any of Adelphia's offers to purchase the rights-of-way. Adelphia moves for partial summary judgment on the issue of its substantive right to condemn the rights-of-way and for a preliminary injunction giving Adelphia possession of the rights-of-way.[1]

For the reasons that follow, the Court grants the motion for summary judgment and the motion for a preliminary injunction.

---

[1]     The Court notes that Adelphia filed similar motions for partial summary judgment and the same omnibus motion for a preliminary injunction in about 30 cases. Given this volume, the Court has issued analogous memoranda in each case, taking care to incorporate individual details where necessary.

1

## BACKGROUND

Adelphia filed an application with FERC in January 2018 seeking a certificate of public convenience and necessity for a project to purchase, construct, and operate proposed pipeline facilities in Delaware and Pennsylvania.  Adelphia's project will provide natural gas to the Greater Philadelphia industrial region and two power plants, as well as potential additional markets.

The FERC evaluated the public need for the project and completed a review of its environmental impacts and operational considerations.  The FERC issued a Notice of Intent to Prepare an Environmental Assessment for the proposed project in May 2018, publishing the Notice in the Federal Register and mailing it to 4,709 interested parties.  The Notice established a scoping period and requested comments from the public on specific concerns or issues for consideration. The FERC also conducted two public scoping sessions in the project's area.

On December 20, 2019, the FERC issued a FERC order granting Adelphia a certificate of public convenience and necessity for the project.  The order authorized Adelphia to construct and operate two 16-inch diameter laterals, two compressor stations, five meter and regulator stations, seven blowdown assembly valves, two mainline valves, two tap valves, and four pig launcher and receiver facilities.  The order also authorized Adelphia to repurpose an existing pipeline system.

To construct, operate, and maintain the approved project and pipeline facilities, Adelphia requires certain rights-of-way that are within the scope of the FERC order.  Adelphia has attempted to purchase each of the rights-of-way for at least $3,000 a piece.  The defendants have rejected or otherwise not accepted Adelphia's offers.  Adelphia now seeks an order of condemnation that it has the substantive right to condemn the rights-of-way as well as a preliminary injunction granting Adelphia possession as requested.

## PROCEDURAL HISTORY

Adelphia filed its complaint on February 20, 2020 and served a notice of the condemnation via personal service in accordance with Federal Rules of Civil Procedure 4 and 71.1(d) on March 2, 2020.  Under Rule 71.1(e)(2), the defendants had until 21 days after Adelphia served its notice to file an answer.  No answer was ever filed.  Accordingly, under Rule 71.1(e)(3), the defendants have waived all objections and defenses to Adelphia's condemnation of the rights-of-way at issue. *See* FED. R. CIV. P. 71.1 advisory committee's note ("Failure on the part of the defendant to serve an answer constitutes a consent to the taking and to the authority of the court to proceed to fix compensation therefor, but it does not preclude the defendant from presenting evidence as to the amount of compensation due him or in sharing the award of distribution.").

Adelphia has filed a motion for partial summary judgment on the issue of its substantive right to condemn the rights-of-way.  Adelphia promptly served a copy of the motion on the defendants via First Class U.S. Mail.  Local Rule 7.1(c) states that "[u]nless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief."  No opposition to the motion was timely filed.

Adelphia has also filed a motion for a preliminary injunction seeking possession of the rights-of-way and served a copy of the motion on the defendants via First Class U.S. Mail.  Again, no opposition to the motion was filed.  Nor has any counsel entered an appearance on behalf of the defendants.

## MOTION FOR SUMMARY JUDGMENT

Adelphia moves for summary judgment on the issue of its authority to condemn the rights-of-way.  Because it is undisputed that Adelphia meets the three requirements under the Natural

Gas Act ("NGA") to acquire property by eminent domain, the Court grants the motion for partial summary judgment.

## I.     Legal Standard

A court can properly grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party. *Kaucher v. Cnty. of Bucks,* 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.* (citing *Anderson,* 477 U.S. at 248).  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the non-moving party.  *See Anderson,* 477 U.S. at 255.  However, "[u]nsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment." *Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 252 (3d Cir. 2010).

The movant bears the initial responsibility for informing the Court of the basis for the motion for summary judgment and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  After the moving party has met the initial burden, the non-moving party must set forth specific facts showing that there is a genuinely disputed factual issue for trial by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

. . . , admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." FED. R. CIV. P. 56(c).  Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex,* 477 U.S. at 322.

## II.   Discussion

The NGA provides:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h).

A gas company may acquire property by eminent domain under § 717f(h) of the Natural Gas Act if it meets three requirements: "[F]irst, that it holds a certificate of public convenience and necessity from the Federal Energy Regulatory Commission (FERC); second, that it was unable to acquire the right of way through negotiation with the landowner; and third, that the amount claimed by the owner of the property exceeds $3,000."  *Transcon. Gas Pipe Line Co., LLC v. Permanent Easements for 2.14 Acres & Temp. Easements for 3.59 Acres in Conestoga Twp., Lancaster Cty., Pa., Tax Parcel No. 1201606900000*, 907 F.3d 725, 729 (3d Cir. 2018), *cert. denied sub nom. Like v. Transcon. Gas Pipe Line Co., LLC*, 139 S. Ct. 2639 (2019).  "If these conditions are met, the gas company may 'acquire the [necessary right-of-way] by the exercise of the right of eminent domain in the district court.'"  *Id.* (quoting 15 U.S.C. § 717f(h)).

The FERC issued an order granting Adelphia a certificate of public convenience and necessity for the project on December 20, 2019.  "By issuing the Certificate [of public necessity] to [Plaintiff], FERC has determined that the Subject Property is necessary to the operation of the Pipeline[; t]his determination cannot be challenged by Defendants."  *Transcon. Gas Pipe Line Co., LLC v. Certain Easements & Rights of Way Necessary to Construct, Operate & Maintain a 30' Nat. Gas Transmission Pipeline, in Northmoreland Twp., Wyoming Cty., Pa.*, 359 F. Supp. 3d 257, 262 (M.D. Pa. 2019) (alterations in original) (quoting *WBI Energy Transmission, Inc.*, No. 14-130, 2017 WL 532281, at *3 (D. Mont. Feb. 8, 2017)).  Because Adelphia holds a certificate of public convenience and necessity from the FERC, Adelphia satisfies the first condition.

Adelphia has also attempted to negotiate with the landowners to obtain the rights-of-way, but the landowners have not accepted Adelphia's offers to pay at least $3,000 for each of the rights-of-way.  Therefore, Adelphia satisfies the second and third conditions because negotiations have failed and the amount claimed by the landowners exceeds $3,000.  *See Transcon. Gas Pipe Line Co., LLC*, 907 F.3d at 731 ("[The plaintiff] extended written offers of compensation exceeding $3000 to each of the Landowners, but these offers were not accepted.  [The plaintiff] thus satisfied the second and third requirements.").

Adelphia has met all three requirements of § 717f(h).  Therefore, the Court concludes that Adelphia has the substantive right to condemn the rights-of-way at issue, and partial summary judgment is entered in Adelphia's favor.

### PRELIMINARY INJUNCTION

Adelphia also moves for a preliminary injunction granting Adelphia possession of the rights-of-way at issue.  Because Adelphia has demonstrated (1) a reasonable probability of success on the merits, (2) that Adelphia will suffer irreparable injury if the preliminary injunction is denied,

(3) that the landowners will not suffer greater harm, and (4) that granting the preliminary injunction is in the public interest, the Court grants the motion for a preliminary injunction.[2]

## I.  Legal Standard

In ruling on a request for a preliminary injunction, a district court is required to examine four factors before granting preliminary injunctive relief: "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting preliminary relief will be in the public interest." *Columbia Gas Transmission, LLC v. 1.01 Acres, More or Less in Penn Twp., York Cty., Pa., Located on Tax ID # 440002800150000000 Owned by Brown*, 768 F.3d 300, 315 (3d Cir. 2014) (quoting *Am. Express Travel Related Servs. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012)).  The movant must "meet the threshold for the first two 'most critical' factors," and if "these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."  *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017).

---

[2]     The Court notes that it can issue a preliminary injunction only upon notice to the adverse party. *See* FED. R. CIV. P. 65(a)(1).  Here, no defendant has entered an appearance, answered the complaint, or filed a response to the motion for summary judgment or to the motion for a preliminary injunction. However, Adelphia provided notice of the condemnation to the defendants via personal service in accordance with Rule 4 as required under Rule 71.1 and served the defendants with copies of all motions via first-class mail.  The defendants have received notice of the motion for a preliminary injunction and their 21 days to file a response have passed.  Therefore, as other courts have done under similar circumstances, the Court may rule on the motion.  *See, e.g., Transcon. Gas Pipe Line Co., LLC v. A Permanent Easement Totaling 0.799 Acres, More or Less, and Temp. Easements Totaling 0.763 Acres, More or Less, Over a Parcel of Land in Brunswick Cty., Va. of Approximately 27.00 Acres In et al.*, No. 14-407, Doc. No. 39 (E.D. Va. Aug. 7, 2017); *Transcon. Gas Pipe Line Co., LLC v. Permanent Easement for 0.03 Acres & Temp. Easement for 0.02 Acres in S. Londonderry Twp., Lebanon Cty., Pa.*, No. 17-00565, 2017 WL 3485752 (M.D. Pa. Aug. 15, 2017).

"[T]he NGA's grant of standard condemnation powers to natural gas companies does not preclude federal courts from granting equitable relief in the form of a preliminary injunction when gas companies have obtained the substantive right to condemn and otherwise qualify for equitable relief." *Transcon. Gas Pipe Line Co., LLC*, 907 F.3d at 741.  Indeed, "once a district court determines that a gas company has the substantive right to condemn property under the NGA, the court may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction." *PennEast Pipeline Co., LLC v. A Permanent Easement of 0.60 Acre ± & a Temp. Easement of 0.60 Acre ± in Towamensing Twp., Carbon Cty., Pa.*, No. 18-281, 2018 WL 6304191, at *1 (M.D. Pa. Dec. 3, 2018) (quoting *E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004)); *see also Transcon. Gas Pipe Line Co., LLC*, 907 F.3d at 739 ("And this Court too, albeit with less discussion, has ruled that where summary judgment is properly granted on a condemnation complaint, a preliminary injunction is appropriate as well."). "[A]ll three Pennsylvania district courts within the Third Circuit have held that the grant of a preliminary injunction is appropriate when a FERC certificate holder has established the substantive right to condemn a property, subject to a future determination of just compensation." *Transcon. Gas Pipe Line Co., LLC v. Permanent Easement for 2.14 Acres*, No. 17-1725, 2017 WL 3624250, at *7 (E.D. Pa. Aug. 23, 2017) (citations omitted), *aff'd sub nom. Transcon. Gas Pipe Line Co., LLC v. Permanent Easements for 2.14 Acres & Temp. Easements for 3.59 Acres in Conestoga Twp., Lancaster Cty., Pa., Tax Parcel No. 1201606900000*, 907 F.3d 725 (3d Cir. 2018).

## II.     Discussion

### A.     Likelihood of Success on the Merits

Because the Court has just determined that Adelphia is entitled to the rights-of-way at issue and granted its motion for partial summary judgment, Adelphia has already succeeded on the merits. *See Columbia Gas Transmission, LLC*, 768 F.3d at 315 ("This is not a 'normal' preliminary injunction, where the merits await another day.  In those situations, the probability of success is not a certainty such that weighing the other factors is paramount.  Here, there is no remaining merits issue; we have *ruled* that Columbia has the right to the easements by eminent domain."). Therefore, the first factor weighs strongly in favor of granting the preliminary injunction.

### B.     Irreparable Harm to the Moving Party

Pursuant to the FERC order, Adelphia must satisfy certain environmental conditions prior to construction.  Adelphia argues that many of those conditions require surveys of the property that can only be conducted if Adelphia has possession of the rights-of-way.  Adelphia also asserts that the FERC cannot permit Adelphia to begin construction until Adelphia has obtained various federal authorizations.  To obtain these authorizations, Adelphia must perform field survey work, including wetland and waterbody identification and delineations as well as characterizing and assessing soil and geologic resources on the property.  Adelphia claims that it must have possession of the rights-of-way by mid-April[3] to perform these surveys and still meet the project's deadlines.

Furthermore, under Adelphia's construction schedule, the work to repurpose an existing pipeline in Bucks, Montgomery, Chester, and Delaware Counties begins by May 1, 2020.  This schedule was set in preparation for a planned in-service date of December 1, 2020.  Adelphia

---

[3]     The Court has not been informed whether or to what extent orders and advisories concerning COVID-19 cause any adjustment to the various dates set forth in Adelphia's papers.  Regardless, the Court accepts that time is of the essence.

claims that if it is unable to perform this work, it will be hindered in its ability to repurpose the pipeline to meet the scheduled in-service date.

Such a failure to adhere to the project schedule and meet the in-service date would result in a substantial loss in revenue to Adelphia estimated at approximately $14,150 per day.  Adelphia also argues that if its ability to meet the in-service date is delayed or if Adelphia's shippers believe that Adelphia is not making a reasonable effort to provide service by the promised date, Adelphia may suffer adverse effects on its reputation and a loss of customer confidence.

Courts in the Third Circuit have held that delays in satisfying pre-construction conditions, delays in construction itself, and threats to reputation constitute immediate and irreparable harm. *See Columbia Gas Transmission, LLC*, 768 F.3d at 315 (granting preliminary injunctions and finding that the plaintiff would suffer irreparable injury if construction were delayed in the form of harm to the plaintiff's "safety, reputation, and economic interests"); *PennEast Pipeline Co., LLC*, 2018 WL 6304191, at *2 (finding the timeliness of conducting a property survey an important piece in the "construction puzzle" that could "have an enormous effect on the entire [] Project") (citations omitted); *Transcon. Gas Pipe Line Co., LLC*, 2017 WL 3624250, at *8 (finding construction delays and monetary loss sufficient to establish irreparable harm); *Transcon. Gas Pipe Line Co., LLC v. Permanent Easement for 2.59 Acres*, No. 17-00289, 2017 WL 1105237, at *5 (M.D. Pa. Mar. 24, 2017) ("Each piece of the construction puzzle depends on the prior piece timely placed.  Untimeliness in one small part of this enormous project would result in a domino effect on the timeliness of all other areas of the project.  This factor weighs strongly in favor of [the plaintiff]."), *aff'd sub nom. Transcon. Gas Pipe Line Co., LLC v. Permanent Easement for 2.59 Acres, Temp. Easements for 5.45 Acres & Temp. Access Easement for 2.12 Acres in Pine Grove Twp., Schuylkill Cty., PA*, 709 F. App'x 109 (3d Cir. 2017).  The second factor weighs in

favor of granting the preliminary injunction because Adelphia has demonstrated that it will suffer irreparable harm if it is not granted possession of the rights-of-way.

### C.    Harm to the Nonmoving Party

Adelphia argues that any harm to the nonmoving party in granting the preliminary injunction can be remedied with monetary damages during a compensation hearing.  The Court agrees.  As the Third Circuit Court of Appeals has explained:

> [T]he harm to the Landowners that will result if we grant [the plaintiff's] preliminary injunctions is minimal.  Since we have already determined that [the plaintiff] has the right of eminent domain, it is a certainty that the requested easements will be granted.  The Fifth Amendment also guarantees that the Landowners will be justly compensated.  The Landowners have not stated any concrete injury other than the loss of the easements over their land, which will definitely occur, whether or not we grant [the plaintiff] immediate possession of the easements.

*Columbia Gas Transmission, LLC*, 768 F.3d at 316.  Furthermore, here the landowners "have not answered the complaint; they failed to file any opposing briefs; no counsel entered an appearance in this matter.  The landowners appeared to have ignored the matter in its entirety.  Accordingly, [the Court] can discern no harm to [the] landowner[s]."  *Transcon. Gas Pipe Line Co., LLC v. Permanent Easement for 0.03 Acres & Temp. Easement for 0.02 Acres in S. Londonderry Twp., Lebanon Cty., Pa.*, No. 17-00565, 2017 WL 3485752, at *3 (M.D. Pa. Aug. 15, 2017).  The third factor weighs in favor of granting the preliminary injunction.

### D.    The Public Interest

Adelphia claims that granting it possession of the rights-of-way is in the public interest because the project will provide Adelphia's customers and their respective markets with a new and much-needed source of natural gas.

"Congress passed the Natural Gas Act and gave gas companies condemnation power to ensure that consumers would have access to an adequate supply of natural gas at reasonable

prices." *Transcon. Gas Pipe Line Co., LLC*, 359 F. Supp. 3d at 267 (quoting *E. Tennessee Nat. Gas Co.*, 361 F.3d at 830). Furthermore, the FERC determined that the project was in the public interest when it issued an order granting Adelphia a certificate of public convenience and necessity. Therefore, a preliminary injunction granting Adelphia possession of the rights-of-way so it can meet project's deadlines is also in the public interest. This fourth factor weighs in favor of granting the preliminary injunction.

All four factors weigh in favor of granting a preliminary injunction that grants Adelphia possession of the rights-of-way at issue. Therefore, the Court grants Adelphia's motion for a preliminary injunction.

### E.    Adelphia's Request for an Enforcement Mechanism

Finally, Adelphia asks the Court to include an enforcement mechanism to ensure compliance with the order granting Adelphia access to and possession of the rights-of-way. In support of its request, Adelphia claims that it will suffer irreparable harm if the landowners or third parties disrupt, halt, or impede construction activities by being present on the properties. Adelphia argues that this Court has the power to enter an order designed to coerce compliance with its terms and that courts in the Third Circuit have included enforcement mechanisms such as the one requested when granting preliminary injunctions in pipeline-related condemnation actions.

This Court has "the authority and 'inherent power to enforce compliance with its lawful orders through civil contempt.'" *Transcon. Gas Pipe Line Co., LLC*, 2017 WL 1105237, at *9 (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Given the Court's inherent power and the unopposed nature of Adelphia's request, the Court will include an enforcement mechanism in its accompanying order.

12

## CONCLUSION

For the foregoing reasons, the Court grants Adelphia's motion for partial summary judgment and for a preliminary injunction. An appropriate order follows.

BY THE COURT:

_____

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

13